OPINION
On June 1, 2001, the Stark County Grand Jury indicted appellant, Kevin James Ritchey, on two counts of possession of cocaine in violation of R.C. 2925.11, one a third degree felony and the other a fourth degree felony, and one count of possession of marijuana in violation of R.C.2925.11.
Appellee, the State of Ohio, entered a nolle prosequi on the third degree felony count. On July 16, 2001, appellant pled guilty to the remaining charges. By judgment entry filed August 27, 2001, the trial court sentenced appellant to seventeen months on the cocaine charge and seven months on the marijuana charge, to be served consecutively.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE COURT ERRED IN IMPOSING A VIRTUAL MAXIMUM SENTENCE ON THE COCAINE POSSESSION CHARGE WHERE NONE OF THE FACTORS LISTED IN 2929.14(C) APPLY AND IN IMPOSING A CONSECUTIVE SENTENCE ON THE MARIJUANA POSSESSION CHARGE CONTRARY TO LAW UNDER ORC 2929.14(E)(4).
 I
Appellant claims the trial court erred in sentencing him. Specifically, appellant claims the trial court erred in sentencing him to seventeen months on the cocaine charge, a "virtual maximum sentence," and the record does not contain sufficient findings for consecutive sentences. We disagree.
R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
That the sentence is otherwise contrary to law.
Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
Appellant pled guilty to possession of cocaine in violation of R.C.2925.11, a fourth degree felony, and possession of marijuana in violation of R.C. 2925.11, a fifth degree felony. R.C. 2925.11(C)(4)(b) and (C)(3)(c). Pursuant to R.C. 2929.14(A)(4), felonies of the fourth degree are punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." Felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(5). By judgment entry filed August 27, 2001, the trial court sentenced appellant to seventeen months on the felony four count and seven months on the felony five count, to be served consecutively.
First we will address the individual sentences. Appellant argues the trial court erred in applying R.C. 2929.14(C) which states as follows:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Given the plain and clear meaning of the statute, we find "the longest prison term" was not applied sub judice. We take this position because statutes are to be strictly construed when they are in derogation of the common law. Prior to S.B. No. 2 sentencing, there was no limit placed upon the trial court in its discretion to impose sentence as long as the sentence was not contrary to law. In strictly construing the statute, seventeen months on an eighteen month maximum penalty and seven months on a twelve month maximum penalty do not constitute "the longest prison term."
Upon review, we cannot find clear and convincing evidence that the record does not support the individual sentences or that the sentences are otherwise contrary to law.Now we will turn our attention to the issue of consecutive sentences. R.C. 2929.14(E)(4) states as follows:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Although the trial court did not set forth its reasons in the judgment entry of sentence, we find the trial court did so during the sentencing hearing:
 And for the reasons I am about to say, I will tell you that the Court finds that under 2929.14(E)(4) based on the facts of this case that this is necessary to protect the public from future crimes and to punish this offender.
 And based upon what I am going to say, I find that it is not so disproportionate as to his conduct. That would be unfair.
 The reasons that the Court is imposing the sentence that I am going to impose has to be viewed in light of the entire circumstances of the house in which this, all of these drugs were found.
 Now, Mr. Ritchey, you may say to me that you had no idea of what was in the safe, and you will have to assume that I would have to believe that, and I will tell you now that I don't believe that.
 I have read the facts of this case. I have read how things went on this case. This was a search warrant conducted, raid on a house; in other words, in order to get a search warrant, they would had to be looking at your home for a period of time in order to get a search warrant.
 So there must have been — there is — there was drug activity from your own words. I mean there is no mystery here. You are a drug dealer and you have been dealing drugs for a long period of time. There is two different factors that go into your case.
 Number one, the difference between you and your Codefendant, Mr. Velton, is about 2 grams, if my math is correct. I'm not sure I'm right there. You ended with 23.14 grams and your Codefendant ended up with 26.69 grams.
 So the difference between your charge and that of your Codefendant is a couple grams of white-powdered cocaine. Had you had that much in there, you also would have been facing a one to five years in prison.
 But if you add up the total amount of powder cocaine found in the house you lived in with Mr. Velton, you get almost up to around 50 grams of powdered cocaine.
 Now, you and your family members seated in the back of the courtroom here may not know if that's a lot or not. You know it's a lot. Now, whether your family and friends know it is, I am not sure, but I know it's a lot. And, in fact, the time that I spent on this bench, that is about as much powder as I have seen the police officers arrest somebody for. I don't know that I have had any more than that amount.
 You also had about $3,000 in cash in your, in the house; some in the safe, some in people's pockets and scattered in the house.
 Your statement and the statement of your Codefendant are that you had been and that your primary source of income was being a drug dealer.
 The part that you probably have a little control over is had this been crack cocaine as opposed to powder cocaine, each of you would be facing a felony 1 or a felony 3 charge.
 So because the State legislature decided that for whatever reason, and I think all of us have an idea, but for whatever reason they decided to make crack cocaine punishable almost nine to one for powder cocaine.
* * *
 So the amount of cocaine you had is a significant amount of cocaine. That's why in my opinion for you to receive anything less than a stiff consecutive prison term would be inappropriate in this matter.
 In addition to having that much powder cocaine on hand, you had 413 grams-438 grams of marijuana which is somewhere around 15 ounces of marijuana. That's far more marijuana than anybody would ever smoke in probably their lifetime.
 So there is no question that you are dealing powder cocaine. There is no question that you are dealing marijuana and there is no question. The only question is that you were doing it for your own benefit.
 I hear what your counselor is saying. I read your background and you have made a conscious decision to go out and sell drugs.
T. at 9-14.[1]
Appellant argues the trial court did not address the issue of "the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct." R.C. 2929.14(E)(4)(b). From a reading of the sentencing hearing transcript, we find the reasons stated by the trial court satisfy this requirement. We have previously held that the lack of certain "magic words" does not invalidate the sentence if the record as a whole reflects the spirit and meaning of the statute. State v. Moran (April 20, 2001), Licking App. No 00CA0062, unreported.
Upon review, we cannot find clear and convincing evidence that the record does not support the consecutive nature of the sentences or that the aggregate sentence is otherwise contrary to law.
The sole assignment of error is denied.
By Farmer, P.J., Wise, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
[1] No presentence investigation report is included in the record.